# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

THOMAS MOORS, on behalf of himself, and
on behalf of all others similarly situated,

          Plaintiffs,

   v.

WAL-MART STORES, INC.
702 SW 8th Street, MS#0555
Bentonville, Arkansas 72716

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601


WAL-MART ASSOCIATES, INC.
702 SW 8th Street
Bentonville, Arkansas 72716

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

and

WAL-MART.COM USA, LLC
702 SW 8th Street
Bentonville, Arkansas 72716

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

and

WAL-MART STARCO, LLC, and
702 SW 8th Street
Bentonville, Arkansas 72716

    Serve:  CT Corporation System
           306 West Main Street, Suite 512
           Frankfort, Kentucky 40601

and

WAL-MART STORES EAST, LP,
702 SW 8th Street
Bentonville, Arkansas 72716

**No.** 3:15-CV-123-JGH

## CLASS ACTION COMPLAINT

## JURY TRIAL DEMANDED

Serve:  CT Corporation System
             306 West Main Street, Suite 512
             Frankfort, Kentucky 40601

             Defendants.

## TABLE OF CONTENTS

**Page**

I.      NATURE OF THE CASE ..................................................................................1

II.     PARTIES ........................................................................................................4

III.    JURISDICTION AND VENUE ......................................................................6

IV.     FACTUAL ALLEGATIONS: FDA REGULATIONS ON SUPPLEMENTS ..................6

VI.     THE WAL-MART DEFENDANTS' FRAUDULENT MARKETING OF
        SPRING VALLEY HERBAL SUPPLEMENTS ...............................................7

VIII.   DEFENDANTS' TARGETING OF CONSUMERS........................................11

IX.     SPRING VALLEY HERBAL SUPPLEMENTS DO NOT CONTAIN
        ADVERTISED HERB AND DO NOT CONFER ADVERTISED BENEFITS ..............12

X.      DEFENDANTS' CONCEALMENT OF THEIR FRAUDULENT CONDUCT..............14

XI.     CLASS ACTION ALLEGATIONS ...............................................................15

XII.    CLAIMS FOR RELIEF .................................................................................17

XIII.   DEMAND FOR RELIEF................................................................................25

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Thomas Moors ("Plaintiff"), and on behalf of himself and a class of consumers, bring this lawsuit against Defendants Wal-Mart Associates, Inc., Wal-Mart.Com USA, LLC, Wal-Mart Starco, LLC, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, alleging violations of state consumer fraud and deceptive trade practices laws, negligent misrepresentation, common law fraud, and unjust enrichment and equitable relief.  The facts and information averred herein are based upon Plaintiff's personal knowledge and beliefs and upon investigation of counsel. Plaintiff alleges as follows:

### I.      NATURE OF THE CASE

1.      Plaintiff and Class Member Consumers paid all or a portion of the cost of Spring Valley Echinacea ("Echinacea"), Spring Valley Odorless Garlic ("Garlic"), Spring Valley Ginkgo Biloba ("Ginkgo Biloba"), Spring Valley Ginseng ("Ginseng"), Spring Valley Saw Palmetto ("Saw Palmetto") and/or Spring Valley St. John's Wort ("St. John's Wort") (hereinafter collectively "Spring Valley Herbal Supplements"), each of which are herbal supplements ("supplements") marketed by Defendants Wal-Mart Associates, Inc., Wal-Mart.Com USA, LLC, Wal-Mart Starco, LLC, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (and their predecessors-in-interest) (hereinafter "Defendants," "Wal-Mart" or "the Wal-Mart Defendants").

2.      These supplements were marketed as containing various herbs that are believed by some to confer various health benefits. However, the Spring Valley Herbal Supplements do not contain the advertised herbs. As a direct result of Defendants' fraudulent marketing, Plaintiffs were financially injured by paying for herbal supplements that, unbeknownst to consumers, did not contain the advertised herb.

1

3.     According to the American Botanical Council, herbal dietary supplement sales in the United States are driven by "the increasing level of interest and confidence that American consumers place in the herbal sector of the dietary supplement market."[1]American consumers' interest and confidence has translated into big business for retailers like GNC

4.     According to the American Botanical Council, sales of herbal dietary supplements in the United States increased by 7.9% in 2013 to a total estimated figure of six billion dollars for the first time. 2013 marked the tenth consecutive year that herbal supplement sales have increased according to the American Botanical Council. It is expected that this increase in sales will continue.

5.     Unlike prescription and over-the-counter medications, herbal supplements have limited FDA oversight. However, FDA regulations impose many important requirements on the labeling for herbal supplements:

- A Statement of Identity indiating a supplement's common or usual name.[2]
- Identification of all ingredients either via an Ingredient List or the Supplemental Facts Panel.[3]

6.     Recent studies have found that herbal supplements often do not contain the herb listed on the Statement of Identity, Ingredient List and/or Supplemental Facts Panel.

7.     Dr. Steven G. Newmaster and other scientists were concerned that "herbal products available to consumers in the marketplace may be contaminated or substituted with alternative plant species and fillers that are not listed on the labels." For this reason, Dr. Newmaster and his co-authors conducted testing using DNA barcoding to check for authenticity of 44 herbal products. The article, *DNA Barcoding Detects Contamination and Substitution in*

------------------------------------------------------

[1]

http://cms.herbalgram.org/press/2014/2013_Herb_Market_Report.html?ts=1423075139&signature=66e806c5aaeabf2c2243a1b8320930d2

[2] 21 CFR 101.1 and 21 CFR 101.3.

[3] 21 CFR 101.4.

*North American Herbal Products*, published in 11 BMC Medicine 222 (October 2013) revealed that "most of the herbal products tested were of poor quality, including considerable product substitution, contamination and use of fillers."[4]

8. More recently, the New York State Attorney General's office conducted testing of Wal-Mart's Spring Valley Echinacea, Spring Valley Odorless Garlic, Spring Valley Ginkgo Biloba, Spring Valley Ginseng, Spring Valley Saw Palmetto and Spring Valley St. John's Wort. The testing revealed that Spring Valley Herbal Supplements either did not contain the herb listed on the Statement of Identity and/or contained filler and substitute ingredients that were not identified on the supplement's labeling.

9. As discussed above, multiple studies have alerted the dietary supplement industry, including Wal-Mart, that supplements were increasingly being found to either not contain the identified herb or contain filler and substitute ingredients that were not identified on the labeling. Defendants knew of and concealed the substitution of identified herbs in its Spring Valley Herbal Supplements. Defendants also knew of and concealed the adulteration of its Spring Valley Herbal Supplements by failing to list filler ingredients on the supplement's Supplement Facts Panel and/or Ingredient List. As part of Defendants' illegal scheme to increase herbal supplement profits, these known misbrandings and adulterations were systematically concealed and minimized from the public.

10. Defendants have each been engaged in a fraudulent and illegal promotion of mislabeled and adulterated herbal supplements. Defendants' scheme targeted and defrauded consumers on a massive scale. Defendants' respective fraudulent practices convinced consumers they could benefit from Spring Valley Herbal Supplements and caused consumers to purchase Spring Valley Herbal Supplements that either did not contain the identified herb

---

[4] http://www.biomedcentral.com/1741-7015/11/222/abstract

3

and/or contained filler or substitute ingredients that were not listed on the supplement's labeling.

11.    Due to Defendants' illegal and fraudulent marketing schemes set forth in detail below, there resulted millions of dollars of sales of Spring Valley Herbal Supplements that did not contain the identified herbs, which continues to this day. Plaintiffs and Class Members have purchased millions of Spring Valley Herbal Supplements that do not even contain the listed herb.

12.    In addition to the loss of any potential health benefits that may have been conferred by a supplement that actually contained the identified herb, the financial impact of Defendants' false and deceptive marketing of Spring Valley Herbal Supplements has likewise been profound, especially for consumers who bear the ultimate cost of herbal supplements. However, as has recently become clear, consumers across the nation instead were duped by Defendants into paying hundreds of millions of dollars for bogus Spring Valley Herbal Supplements.

## II.    PARTIES

13.    Plaintiff Thomas Moors is and was at all times relevant hereto a resident and citizen of Radcliff, Hardin County, Kentucky. At all times material hereto, Plaintiff purchased Defendants' Spring Valley Herbal Supplements, including Spring Valley Echinacea and Spring Valley Ginseng, at a Wal-Mart store located at 1165 Walmart Way in Radcliff, Kentucky.

14.    Defendant Wal-Mart Associates, Inc. is a corporation incorporated in the state of Delaware. Its principal place of business is 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Wal-Mart Associates, Inc. conducts extensive business throughout the United States, including in the Commonwealth of Kentucky. Wal-Mart Associates, Inc. may be served through

its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

15.    Defendant Wal-Mart.Com USA, LLC is a corporation incorporated in the State of California. Its principal place of business is 702 SW 8th Street, Bentonville, Arkansas 72716. At all times material hereto, Wal-Mart.Com USA, LLC has conducted extensive business throughout the United States, including in the Commonwealth of Kentucky. Wal-Mart.Com USA, LLC may be served through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

16.    Defendant Wal-Mart Starco, LLC is a corporation incorporated in the State of Delaware. Its principal place of business is 702 SW 8th Street, Bentonville, Arkansas 72716. At all times material hereto, Wal-Mart Starco, LLC has conducted extensive business throughout the United States, including in the Commonwealth of Kentucky. Wal-Mart Starco, LLC may be served through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

17.    Defendant Wal-Mart Stores, Inc. is a corporation incorporated in the State of Delaware. Its principal place of business is 702 SW 8th Street, MS#0555, Bentonville, Arkansas 72716. At all times material hereto, Wal-Mart Stores, Inc. has conducted extensive business throughout the United States, including in the Commonwealth of Kentucky. Wal-Mart Stores Inc. may be served through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

18.    Defendant Wal-Mart Stores East, Limited Partnership is a corporation incorporated in the state of Delaware. Its principal place of business is 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant Wal-Mart Stores East, Limited Partnership conducts

extensive business throughout the United States, including in the Commonwealth of Kentucky. Wal-Mart Stores East, Limited Partnership may be served through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

19.     Collectively, Wal-Mart Associates, Inc., Wal-Mart.Com USA, LLC, Wal-Mart Starco, LLC, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP shall be referred to herein as "Defendants, "Wal-Mart" or "the Wal-Mart Defendants."

### III.     JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over all of the claims of Plaintiffs and Class Members pursuant to 28 U.S.C. § 1332(d) (CAFA) because there is minimal diversity of citizenship among the parties and the amount in controversy exceeds $5 million, exclusive of interest and costs.

21.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants engaged in substantial conduct relevant to Plaintiffs and Class Members' claims within this District, and have caused harm to Plaintiff and Class Members residing within this District. Defendants received substantial compensation from Spring Valley Herbal Supplements sales in this District, and Defendants made misrepresentations and material omissions about Spring Valley Herbal Supplements in this District.

### IV.     FACTUAL ALLEGATIONS: FDA REGULATIONS ON SUPPLEMENTS

22.     Dietary supplements, including herbal supplements are regulated by the FDA pursuant to the Dietary supplement Health and Education Act of 1994. Although manufacturers and distributors are not required to get FDA approval before producing or selling dietary supplements, they must make sure that all claims and information on the product labeling is truthful and not misleading. 21 C.F.R. § 111.

23.    FDA regulations also require that dietary supplements include a Statement of Identity that indicates a supplement's common or usual name (21 CFR 101.1 and 21 CFR 101.3).

24.    Dietary supplements must also identify all ingredients on either an ingredient list or the supplemental facts panel on the labeling (21 CFR 101.4).

25.    No Spring Valley Herbal Supplement was exempt from the above referenced requirements for dieteary supplement product labeling.

26.    This regulatory scheme is designed to protect consumers by ensuring dietary supplements contain the advertised ingredients and not undisclosed substitute or filler ingredients.

## V.    THE WAL-MART DEFENDANTS' FRAUDULENT MARKETING OF SPRING VALLEY HERBAL SUPPLEMENTS

27.    Ever thirsty for expanded sales, Wal-Mart has offered Spring Valley Herbal Supplements for sale both online and in stores to people seeking various health benefits.

28.    Spring Valley Echinacea is labeled as the "#1 Vitamin Brand," "Natural" and "Whole Herb." It is advertised to support "Immune Health":



29.    In direct contradiction to this labeling, Spring Valley Echinacea does not contain Echinacea or plant genetic material of any sort as shown by testing conducted by the New York State Attorney General's Office.

30.    Spring Odorless Garlic is labeled as the "#1 Vitamin Brand." It is advertised to support "Heart Health":



31.    In direct contradiction to this labeling, Spring Valley Garlic either does not contain garlic or contains less than 1/15 (one fifteenth) garlic as shown by testing conducted by the New York State Attorney General's Office:

**Garlic:** Qualified negative.  While one of 15 tests did identify the presence of allium, it was clearly not predominate.  The other tests identified oryza (x6), and pinus spp. Genetic material of palm, dracaena, wheat, and oryza was located, with only 1/15 of the tests identifying allium as present in the product. Ten of the 15-tests showed no identifiable genetic plant material.

32.    Spring Valley Ginkgo Biloba is labeled as the "#1 Vitamin Brand." It is advertised to assist in "Memory Support":



33.     In direct contradiction to this labeling, Spring Valley Ginkgo Biloba does not

contain gingko biloba as shown by testing conducted by the New York State Attorney General's

Office. Instead, Spring Valley Ginkgo Biloba contains rice, dracaena, mustard, wheat and/or

radish:

> **Gingko Biloba.** Negative.  No gingko biloba DNA was identified. The only DNA identified was "oryza" (commonly known as rice) in 6 of the fifteen tests, with other tests identifying dracaena (a tropical houseplant), mustard, wheat, and radish. Four of the tests revealed no plant DNA whatsoever.

34.     Spring Valley Ginseng is labeled as the "#1 Vitamin Brand." It is advertised to

support "General Wellness":



9

35.    In direct contradiction to this labeling, Spring Valley Ginseng does not contain ginseng as shown by testing conducted by the New York State Attorney General's Office. Instead, Spring Valley Ginseng contains rice, dracaena, pinus strobus, wheat and/or grass:

> **Ginseng:** Negative. No ginseng DNA was identified. The testing yielded identification of oryza, dracaena, pinus strobus, wheat/grass, and citrus spp., with 10 of the tests identifying no genetic material at all.

36.    Spring Valley Saw Palmetto is labeled as the "#1 Vitamin Brand" and "whole herb." It is advertised to support "Prostate Health":



37.    In direct contradiction to this labeling, Spring Valley Palmetto either does not contain Saw Palmetto or contains less of Saw Palmetto than other ingredients as shown by testing conducted by the New York State Attorney General's Office. Instead Spring Valley Palmetto contains rice and/or garlic:

> **Saw Palmetto:** Qualified negative. Three of 15 tests did identify the presence of saw palmetto, but it did not predominate. Three tests identified allium DNA, and six other tests identified the presence of oryza. Four tests were unable to identify any botanic DNA in the samples.

38.    Spring Valley St. John's Wort is labeled as the "#1 Vitamin Brand." It is advertised to support "Mood Health":

10



39.    In direct contradiction to this labeling, Spring Valley St. John's Wort does not contain St. John's Wort as shown by testing conducted by the New York State Attorney General's Office. Instead, Spring Valley St. John's Wort contains garlic, rice and/or cassava:

**St. John's Wort.** Negative. No St. John's Wort DNA was identified. Of the 15-tests performed, only four identified any DNA, and it included allium, oryza (x2), and cassava (garlic, rice, and a tropical root crop).

## VI.    DEFENDANTS' TARGETING OF CONSUMERS

40.    Defendants' fraudulent, deceptive, and misleading marketing increased the sales of prescriptions of Spring Valley Herbal Supplements during the relevant time period. Because each Defendant withheld and misrepresented material information about the contents, ingredients, efficacy, and usefulness of Spring Valley Herbal Supplements, consumers did not have the knowledge necessary to make informed decisions regarding purchasing and using Spring Valley Herbal Supplements.  Plaintiffs and Class Members, unaware of Defendants' scheme, purchased and used Spring Valley Herbal Supplements to confer the advertised health benefits, relying on many of the misrepresentations by Defendants. Defendants' promotion and marketing of Spring Valley Herbal Supplements based upon false promises of contents,

ingredients, and efficacy has been highly successful, resulting in Defendants receiving millions of dollars in profits, representing ill-gotten gains to which Defendants were not entitled.

## VII.   SPRING VALLEY HERBAL SUPPLEMENTS DO NOT CONTAIN ADVERTISED HERB AND DO NOT CONFER ADVERTISED BENEFITS

41.   Defendants misrepresented that Spring Valley Herbal Supplements contained the advertised herbs and were effective in conferring various health benefits.

42.   As it has come to light that Spring Valley Herbal Supplements do not contain the listed herbs, they cannot confer the various health benefits that are supposedly conferred by using Spring Valley Herbal Supplements.

43.   Defendants omitted and/or fraudulently misrepresented the contents and efficacy of Spring Valley Herbal Supplements.

44.   On February 2, 2015, the Office of the Attorney General for the State of New York issued a cease and desist notification to Wal-Mart for its Spring Valley Herbal Supplements. The Attorney General's Office notified Wal-Mart that its Spring Valley Herbal Suplements "were either unrecognizable or a substance other than what they claimed to be, and therefore fairly constitute contaminated or substituted products":

> In an investigation recently conducted by the Attorney General's Office, six popular Walmart "Spring Valley" brand dietary supplement products were purchased at three different New York State locations and were then genetically tested five times per sample, yielding 90 results. The supplements tested included Gingko Biloba, St. John's Wort, Ginseng, Garlic, Echinacea, and Saw Palmetto.  By using established DNA barcoding technology, analytic testing disclosed that all of the tested dietary supplement products were either unrecognizable or a substance other than what they claimed to be, and therefore fairly constitute contaminated or substituted products.  Four (4) percent of the tests yielded DNA matching the product label; 40% tested for botanical material other than what was on the label; and 56% yielded no plant DNA at all.

45.   Prior to this studies conducted by the Centre for Biodiversity Genomics at the University of Guelph and others alerted the dietary supplement industry, including the Wal-Mart Defendants, that it is not providing the public with authentic herbal supplements without substitution, contamination or fillers.

46.    According to the State of New York, Wal-Mart's failure "to clean up its practices" is "disappointing." According to the laws of the State of Kentucky, it's illegal and tortious.

47.    Defendants' advertising sought to create the image and belief by consumers that Spring Valley Herbal Suplements contained the listed herbs and that their use was an effective method of boosting their health, even though Defendants knew these assertions to be false and had no reasonable grounds to believe they were true.

48.    Defendants concealed materially relevant information from potential Spring Valley Herbal Suplements users and from Plaintiffs and Class Members.

49.    Even after multiple notifications that Spring Valley Herbal Suplements do not contain the listed herbs, the Wal-Mart Defendants have failed and continue to fail to mention the absence of these herbs in their online and print advertising and labeling, and falsely represent the Spring Valley Herbal Suplements contain the listed herbs and are effective in conferring various health benefits. Had Defendants adequately disclosed the true facts associated with Spring Valley Herbal Suplements, consumers in Kentucky would not have sought out and purchased anywhere near the volume of Spring Valley Herbal Suplements that is currently sold.

50.    The absence of listed ingredients in Spring Valley Herbal Suplements and lack of efficacy are common to the entire class of Spring Valley Herbal Suplements users.

VIII.   DEFENDANTS' CONCEALMENT OF THEIR FRAUDULENT CONDUCT

51.    The applicable statutes of limitations regarding the claims of Plaintiffs and the Class Members have been tolled by Defendants' fraudulent concealment of their unlawful, conspiratorial deceit, as alleged in detail throughout this Complaint.

52.     As evidenced by the allegations in this Complaint, Defendants have employed and continue to employ practices and techniques of secrecy in order to avoid detection of, and to fraudulently conceal, their deceptive and conspiratorial behavior regarding the contents and efficacy of Spring Valley Herbal Suplements.

53.     Despite taking on the responsibility to reveal this information to the general public, Defendants have kept such information hidden.

54.     As such, Plaintiffs and the Class Members were not effectively alerted to the existence and scope of this industry-wide fraud and were not on notice of their potential claims until shortly prior to the filing of this Complaint.

55.     Plaintiffs and the Class Members could not have acquired such knowledge through the exercise of reasonable diligence. Through their public statements, marketing and advertising, Defendants' self-concealing scheme and affirmative conduct to perpetuate their fraud deprived Plaintiffs and the Class Members of actual or presumptive knowledge of facts sufficient to put them on notice as to their potential claims.

56.     Any applicable statutes of limitation have been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein. Plaintiffs and the other Class Members have been kept in ignorance of vital information essential to the pursuit of these claims without any fault or lack of diligence on their part. Plaintiffs and the other Class Members could not have reasonably discovered the fraudulent nature of Defendants' conduct. Accordingly, Defendants are estopped from relying on any statute of limitations to defeat any of Plaintiffs' or the other Class Members' claims.

57.     Finally, Defendants concealed the absence of listed ingredients from Spring Valley Herbal Suplements, described above, which were known to Defendants. Plaintiffs and

Class Members could not have known nor could they have reasonably discovered Spring Valley

Herbal Suplements' failure to contain the listed herbs and/or adulteration through the inclusion

of filler and/or substitute ingredients, which were not generally known until very recently.

58.     The accrual of all of Plaintiffs and Class Members' claims is tied to the revelation

of Spring Valley Herbal Suplements' failure to contain the advertised ingredients. From an

economic damages perspective, the degree to which Plaintiffs and Class Members have been

injured is based on the cost of Spring Valley Herbal Suplements. Plaintiffs and Class Members

did not discover their injury until the class wide issues of failure to include advertised

ingredients in Spring Valley Herbal Suplements was revealed. These recent discoveries took

place within the limitations period.

### IX.     CLASS ACTION ALLEGATIONS

59.     Plaintiff brings this suit as a Class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure, on behalf of a Class consisting of:

> All natural perons in the Commonwealth of Kentucky, who paid or incurred costs
> for the Spring Valley Herbal Supplements, for purposes other than resale.
> Excluded from the Class are employees of Defendants, including its officers or
> directors, and the Court to which this case is assigned.

60.     The proposed Class is sufficiently numerous, as thousands of members of the

Class were induced to purchase Spring Valley Herbal Supplements through Defendants'

scheme. The Class Members are so numerous and dispersed throughout the United States that

joinder of all members is impracticable. The Class is composed of thousands of consumers, and

the disposition of their claims in a Class action will benefit both the parties and the Court.

Defendants sell hundreds of thousands of Spring Valley Herbal Supplements in the

Commonwealth of Kentucky every year, and thus the Class is sufficiently numerous to make

joinder impracticable, if not outright impossible. The Class Members can be identified by, *inter alia,* records maintained by Defendants.

61.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class Members are:

a)      Whether Defendants misrepresented the ingredients of Spring Valley Herbal Supplements;

b)      Whether Defendants' acts and omissions violate, *inter alia,* the Kentucky Consumer Protection Act and common law claims;

c)      Whether Defendants made material misrepresentations of fact, or omitted to state material facts regarding the effectiveness of Spring Valley Herbal Supplements in conferring various health benefits, which material misrepresentations or omissions operate as a fraud and deceit upon the Class;

d)      Whether the Class Members paid more for Spring Valley Herbal Supplements than for other efficacious supplements that were available at a cheaper price;

e)      Whether, in marketing and selling Spring Valley Herbal Supplements, Defendants failed to disclose the contents of Spring Valley Herbal Supplements to persons ingesting the supplements;

f)      Whether Defendants misrepresented in their materials, among other things, the efficacy and convenience of Spring Valley Herbal Supplements; and

g)      Whether Defendants knew or should have known that the Spring Valley Herbal Supplements do not contain the listed and advertised ingredients.

62.     The conduct and patterns of conduct alleged herein, relating to the Wal-Mart Defendants' sale and marketing of Spring Valley Herbal Supplements, occurred between the date of Spring Valley Herbal Supplements initial sale by the Wal-Mart Defendants up to the present day.

63.     The conduct and patterns of conduct alleged herein, relating to the sale and marketing of Spring Valley Herbal Supplements, took place throughout the Commonwealth of Kentucky, as well as various other territories and states.

## X.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of Kentucky Consumer Protection Act, KRS 367.120, et seq.**

64.     Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

65.     The Wal-Mart Defendants engaged in deceptive or unfair acts or practices in violation of the Kentucky Consumer Protection Act, KRS 367.120, *et seq.* when the Wal-Mart Defendants knowingly and intentionally made numerous misrepresentation regarding the contents, ingredients, efficacy, effectiveness, and usefulness of Spring Valley Herbal Supplements, including:

a.      Labeling Spring Valley Echinacea as "Natural Echinacea";

b.      Labeling Spring Valley Echinacea as "Natural Echinacea Golden Seal Complex";

c.      Labeling Spring Valley Echinacea as "Whole Herb";

d.      Labeling Spring Valley Echinacea as supporting "Immune Health";

e.      Labeling Spring Valley Garlic as "Odorless Garlic";

f.      Labeling Spring Valley Garlic as supporting "Heart Health";

g.      Labeling Spring Valley Ginkgo Biloba as "Ginkgo Biloba";

h.      Labeling Spring Valley Ginkgo Biloba as supporting "Memory Support";

i.      Labeling Spring Valley Ginseng as "Korean Panax Ginseng";

j.      Labeling Spring Valley Ginseng as supporting "General Wellness";

17

     k.     Labeling Spring Valley Saw Palmetto as "Saw Palmetto;

     l.     Labeling Spring Valley Saw Palmetto as "Whole Herb";

     m.     Labeling Spring Valley Saw Palmetto as supporting "Prostate Health";

     n.     Labeling Spring Valley St. John's Wort as "St. John's Wort"; and

     o.     Labeling Spring Valley St. John's Wort as supporting "Mood Health."

66.    These material representations made by the Wal-Mart Defendants were false as proven by testing conducted by the New York State Attorney General's Office.

67.    When the Wal-Mart Defendants made these material representations they knew they were false, and/or they made the material representations recklessly without any knowledge of their truth and with a positive assertion.

68.    The Plaintiffs and Class Members were induced to purchase Spring Valley Herbal Supplements for personal use by relying on the statements and representations made by the Wal-Mart Defendants that were false, misleading, and deceptive in violation of Kentucky law as set forth in KRS 367.170 because the Spring Valley Herbal Supplements do not contain the advertised herb, contain ingredients that are not listed on the ingredient list or supplement panel, and do not provide any of the benefits represented by the Wal-Mart Defendants as set forth in detail above.

69.    The unfair, false, misleading, and deceptive practices of the Wal-Mart Defendants did cause the Plaintiffs and the Class to incur actual damages, including financial loss, loss of the benefit of a genuine supplement, and expenses.

70.    As a result of Defendants' violations of KRS 367.170, Defendants have been unjustly enriched at the expense of Plaintiffs and Class Members. Absent Defendants' unlawful, fraudulent, and deceptive conduct, Plaintiffs and Class Members would not have purchased

Spring Valley Herbal Supplements.

71.    The deceptive acts of Defendants have injured and present a continuing injury and threat of injury to Plaintiffs and Class Members in that Defendants' conduct has proximately caused Plaintiffs and Class Members to pay for Spring Valley Herbal Supplements.

72.    As alleged herein, Defendants have been unjustly enriched as a result of this unfair marketing. Plaintiffs and Class Members are accordingly entitled to actual damages, equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendants as a result of such business acts or practices, and punitive or exemplary damages, in addition to any other remedy allowable at law.

## SECOND CLAIM FOR RELIEF
### Fraud

73.    Plaintiffs repeat and reallege each of the preceding paragraphs, as if fully set forth herein.

74.    Plainitffs and Class Members assert a common law fraud claim under Kentucky law against the Wal-Mart Defendants

75.    The Wal-Mart Defendants knowingly made false representations or omissions of material fact for the purpose of inducing Plaintiffs and Class Members to act thereon when the Wal-Mart Defendants knowingly and intentionally misrepresented the contents, ingredients, efficacy, effectiveness, and usefulness of Spring Valley Herbal Supplements.

76.    The Wal-Mart Defendants' false representations and omissions of material fact were false and were known to be false or known to have been asserted without knowledge of their truth by the Wal-Mart Defendants.

19

77.     The Wal-Mart Defendants intended Plaintiffs and Class Members to rely on the Wal-Mart Defendants' false representations or omissions of material fact to enduce Plaintiff and Class Members to puchase and consume Spring Valley Herbal Supplements. This reliance was at Plaintiffs' and Class Members' detriment.

78.     The Wal-Mart Defendants' false representations or omissions of material fact made with the intent to defraud caused Plaintiffs' and Class Members' injuries.

79.     Plaintiffs and Class Members were injured as a result of the Wal-Mart Defendants'fraudulent representations or omissions, and are entitled to compensatory damages, exempleray and/or punitive damages, to the extent allowable at law, costs and attorney's fees, as well as any other damages or relief allowable at law.

### THIRD CLAIM FOR RELIEF
**Breach of Express Warranty**

80.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81.     The Wal-Mart Defendants did expressly warrant to consumers, including Plaintiff and the Class, that Spring Valley Herbal Supplements contained advertised ingredients and were effective in conferring various health benefits, including by:

a.   Labeling Spring Valley Echinacea as "Natural Echinacea";

b.     Labeling Spring Valley Echinacea as "Natural Echinacea Golden Seal Complex";

c.     Labeling Spring Valley Echinacea as "Whole Herb";

d.     Labeling Spring Valley Echinacea as supporting "Immune Health";

e.     Labeling Spring Valley Garlic as "Odorless Garlic";

f.     Labeling Spring Valley Garlic as supporting "Heart Health";

20

    g.      Labeling Spring Valley Ginkgo Biloba as "Ginkgo Biloba";

    h.      Labeling Spring Valley Ginkgo Biloba as supporting "Memory Support";

    i.      Labeling Spring Valley Ginseng as "Korean Panax Ginseng";

    j.      Labeling Spring Valley Ginseng as supporting "General Wellness";

    k.      Labeling Spring Valley Saw Palmetto as "Saw Palmetto;

    l.      Labeling Spring Valley Saw Palmetto as "Whole Herb";

    m.      Labeling Spring Valley Saw Palmetto as supporting "Prostate Health";

    n.      Labeling Spring Valley St. John's Wort as "St. John's Wort"; and

    o.      Labeling Spring Valley St. John's Wort as supporting "Mood Health."

82.    The Plaintiffs and the Class did rely on these affirmations of fact and promises made by the Wal-Mart Defendants when they purchased and ingested Spring Valley Herbal Supplements to confer various health benefits.

83.    The Wal-Mart Defendants breached the express warranties it made to the Plaintiff and Class in that the Spring Valley Herbal Supplements sold by the Wal-Mart Defendants did not contain the advertised ingredients, were adulterated as a result of the use of substitute or filler ingredients, and/or did not confer the advertised health benefits.

84.    As a direct and proximate result of the Plaintiffs' and Class' reliance on these affirmations of fact and promises made by the Wal-Mart Defendants, Plaintiff and Class suffered damages.

### FOURTH CLAIM FOR RELIEF
**Breach of Implied Warranty**

85.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86.    The Wal-Mart Defendants are merchants with respect to herbal supplements like

the Spring Valley Herbal Supplements purchased by the Plaintiffs and the Class.

87.     The Wal-Mart Defendants impliedly warranted that the Spring Valley Herbal Supplements were merchantable.

88.     The Wal-Mart Defendants breached their implied warranty of merchantability to the Plaintiffs and Class in that the Spring Valley Herbal Supplements which were sold by the Wal-Mart Defendants were unmerchantable because:

     a.     The Spring Valley Herbal Supplements were not effective for their intended use;

     b.     The Spring Valley Herbal Supplements were not adequately packaged and labeled;

     c.     The Spring Valley Herbal Supplements did not conform to statements made on the labels.

89.     As a direct and proximate result of the breach of the implied warranty of merchantability by the Wal-Mart Defendants, the Plaintiffs and the Class suffered damages.

## FIFTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Fitness for Particular Purpose

90.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

91.     The Wal-Mart Defendants are merchants with respect to herbal supplements like the Spring Valley Herbal Supplements purchased and ingested by the Plaintiffs and the Class and they impliedly warranted that the Spring Valley Herbal Supplements were fit for the particular purpose of being ingested to confer health benefits.

92.     The Wal-Mart Defendants knew or had reason to know of the purposes for which the Spring Valley Herbal Supplements would be used by consumers including the Plaintiffs and

Class, and that purpose included supplementing certain herbal intake to confer health benefits.

93.     The Plaintiffs and the Class relied on the skill and judgment of the Wal-Mart Defendants when they selected herbal supplements that they believed to be appropriate for use in supplementing herbal intake and conferring health benefits.

94.     The Wal-Mart Defendants breached their implied warranty of fitness for a particular purpose to the Plaintiffs and Class in that the Spring Valley Herbal Supplements were defective because they did not contain the advertised ingredients, were adulterated as a result of the inclusion of unlisted substitute or filler ingredients, and/or did not confer the advertised health benefits.

95.     As a direct and proximate result of the breach of the impled warranty of fitness for a particular purpose by the Wal-Mart Defendants, the Plaintiffs and the Class suffered damages.

## SIXTH CLAIM FOR RELIEF
### Restitution/Disgorgement for Unjust Enrichment

96.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

97.     Defendants have been and continue to be enriched by their fraudulent acts and/or omissions alleged herein for Kentucky wherein Class Members reside.

98.     In exchange for payments they made for Spring Valley Herbal Supplements and at the time these payments were made, Plaintiff and Class Members expected that the Spring Valley Herbal Supplements contained the advertised herbs and were a safe and medically effective supplement for treating various conditions, illnesses, disorders, or symptoms.

99.     Defendants voluntarily accepted and retained these payments with full knowledge and awareness that, as a result of their wrongdoing, Plaintiff and Class Members paid for Spring

Valley Herbal Supplements when they otherwise would not have done so and paid for the Spring Valley Herbal Supplements at a higher price than would have been paid for but for Defendants' wrongful conduct.

100.   These fraudulent acts and omissions allow Defendants to gain millions of dollars in profits that would not have been gained but for Defendants' fraudulent acts and omissions

101.   Plaintiff and Class Members and those similarly situated paid and continue to pay Defendants an amount that exceeds the value of the products identified herein as a result of Defendants' fraudulent acts and omissions.

102.   Plaintiffs and the Class Members suffered damages due to Defendants' acts and omissions as alleged herein.

103.   Defendants have and continue to be unjustly enriched as a result of their fraudulent acts and omissions.

104.   Defendants lack any legal justification for engaging in a course of fraudulent acts and omissions as alleged herein at Plaintiffs and the Class' expense.

105.   No other remedy at law can adequately compensate Plaintiff and Class Members for the damages occasioned by Defendants' conscious choice to engage in a course of fraudulent acts and omissions.

106.   Plaintiff and Class Members are entitled in equity to seek restitution of Defendants' wrongful profits, revenues, and benefits to the extent and in the amount, deemed appropriate by the Court and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## SEVENTH CAUSE OF ACTION
### Equitable Relief

107.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

108.   Defendant is under a legal duty imposed by the FDA to advise consumers of the ingredients of its Spring Valley Herbal Supplements. Such communication, however, is limited to future labeling. No notice is going to be provided to the proposed Class herein.

109.   Pursuant to the equitable relief provisions of Kentucky law, Plaintiff seeks temporary and/or permanent injunctive relief directing Defendants to notify in writing, and through other appropriate forms of notice, all members of the class as to the true contents and ingredients of the Spring Valley Herbal Supplements.

110.   Without such notice, Plaintiffs and the Class risk irreparable harm in paying for and using Spring Valley Herbal Supplements believing that they contain ingredients that they do not and that they confer health benefits that they do not.

111.   The equitable relief sought pursuant to the applicable Kentucky laws is within the jurisdiction of this Honorable Court. The proposed notice class meets the requirements of FRCP 23. Under this claim, Plaintiff seeks no monetary damages on behalf of the proposed class. As noted herein, the proposed class meets the requirements of Rule 23. As such, equitable relief under Rule 23 is appropriate and a class should be certified for the purposes of notice to consumers as set forth herein.

## XI.    DEMAND FOR RELIEF

WHEREFORE, Plaintiffs and Class Members demand judgment against Defendants, jointly and severally, as follows:

a) On Plaintiffs' First, Second, Third, Fourth and Fifth Claims for Relief, an award to each Plaintiff of the maximum allowable damages under such statute(s) or laws, including but not limited to compensatory and punitive damages;

b) On Plaintiffs' Sixth Claim for Relief, an award to each Plaintiff of disgorgement of all sums improperly received by Defendants;

c) On Plaintiffs' Seventh Claim for Relief, all the equitable relief allowed;

d) An award of prejudgment interest in the maximum amount allowable by law;

e) An award to Plaintiffs of their costs and expenses in this litigation and reasonable attorney fees and expert fees and expenses; and,

f) An award to Plaintiffs of such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Each Plaintiff demands a trial by jury on all issues so triable.

Dated this 5th day of February, 2015

*As to Complaint*                    Respectfully Submitted
*Moors v. Wal-Mart, et al.*
                                      */s/ Hans G. Poppe*
                                      Hans G. Poppe
                                      Warner T. Wheat
                                      Scarlette R. Burton
                                      Kirk A. Laughlin
                                      THE POPPE LAW FIRM
                                      8700 Westport Road, Suite 201
                                      Louisville, Kentucky 40242
                                      (502) 895-3400
                                      (502) 895-3420 (f)
                                      Hans@PoppeLawFirm.com
                                      Warner@PoppeLawFirm.com
                                      Scarlette@PoppeLawFirm.com
                                      Kirk@PoppeLawFirm.com

                                      and

Ronald E. Johnson, Jr. (KY 88302)
Sarah N. Lynch (KY 94261)
SCHACHTER HENDY & JOHNSON PSC
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
(859) 578-4444
(859_ 578-4440(f)
rjohnson@pschachter.com
slynch@pschachter.com

Counsel for Plaintiffs